UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERONIMO POLINA,<br><br>                             Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden,<br><br>                             Respondent. | Case No.: 16-cv-02133-WQH (DHB)<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 9); AND**<br><br>**(2) GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER (ECF NO. 10)** |

      Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On October 24, 2016, Petitioner filed a Motion for Appointment of Counsel. (ECF No. 9.) On October 28, 2016, Respondent filed a Motion for Extension of Time to File Answer. (ECF No. 10.) For the following reasons, Petitioner's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**, and Respondent's Motion for Extension of Time to File Answer is **GRANTED**.

///

**I.      MOTION TO APPOINT COUNSEL (ECF NO. 9)**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (2014); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1181; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1181 (citing *Bashor*, 730 F.2d at 1234); *Knaubert*, 791 F.2d at 728. If the Court determines that an evidentiary hearing becomes necessary in the future, the Court will require appointment of counsel at that time.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196 (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970)); *Knaubert*, 791 F.2d at 728-29. The Ninth Circuit considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court typically finds appointment of counsel unnecessary. *See LaMere v. Risely*, 827 F.2d 622, 626 (9th Cir. 1987). Further, the Eighth Circuit notes that "[w]here the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see Terrovona*, 912 F.2d at 1181-82.

At this stage of the proceedings, it does not appear that appointment of counsel is required to prevent a due process violation. There is no indication that the issues are too complex or that Petitioner is incapable of presenting his claims. Petitioner claims he needs

assistance with the complexity of his case.  However, Petitioner has not demonstrated facts which show that he has an insufficient grasp of his case or the legal issues involved, nor has he demonstrated an inadequate ability to articulate the factual basis of his claim. Indeed, Petitioner has been successful in getting a Petition on file and filing multiple motions to appoint counsel.  Moreover, the Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the Petition.  (*See* ECF No. 6.)  Therefore, the Court finds that the interests of justice do not require the appointment of counsel at this time.

Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**.

**II.    MOTION FOR EXTENSION OF TIME TO FILE ANSWER (ECF NO. 10)**

Respondent requests a thirty (30) day extension of time to file an Answer due to counsel's unavailability.  Good cause appearing, the Court **GRANTS** the *ex parte* motion. Accordingly, the Court modifies the prior briefing schedule (ECF No. 6) as follows:

1.    Respondent shall file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **January 2, 2017**.  At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office.**"  Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item shall be numbered separately and sequentially.

2.    Petitioner may file a traverse to matters raised in the answer no later than **February 1, 2017**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse shall exceed ten (10) pages in length absent

advance leave of Court for good cause shown.

3. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

4. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's traverse is due.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE** (ECF No. 9), and Respondent's Motion for Extension of Time to File Answer is **GRANTED** (ECF No. 10), as laid out above.

IT IS SO ORDERED.

Dated: November 1, 2016

_____
LOUISA S PORTER
United States Magistrate Judge