1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   GERONIMO POLINA,                    Case No.:  16-cv-02133-WQH (DHB)

12                          Petitioner,
                                          **ORDER DENYING PETITIONER'S**
13   v.                                   **MOTION FOR APPOINTMENT OF**
                                          **COUNSEL**
14   W.L. MONTGOMERY, Warden,

15                          Respondent.   **(ECF NO. 13)**

16

17

18

19

20

21       Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas

22   Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  On December 8, 2016, Petitioner filed

23   a Motion for Appointment of Counsel.  (ECF No. 13.)

24       Previously, on October 24, 2016, Petitioner filed a Motion for Appointment of

25   Counsel (ECF No. 9) that was denied without prejudice by this Court on November 1,

26   2016.  (ECF No. 11.)

27

28

1

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (2014); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1181; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1181 (citing *Bashor*, 730 F.2d at 1234); *Knaubert*, 791 F.2d at 728. If the Court determines that an evidentiary hearing becomes necessary in the future, the Court will require appointment of counsel at that time.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196 (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970)); *Knaubert*, 791 F.2d at 728-29. The Ninth Circuit considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court typically finds appointment of counsel unnecessary. *See LaMere v. Risely*, 827 F.2d 622, 626 (9th Cir. 1987). Further, the Eighth Circuit notes that "[w]here the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see Terrovona*, 912 F.2d at 1181-82.

At this stage of the proceedings, it does not appear that appointment of counsel is required to prevent a due process violation. There is no indication that the issues are too complex or that Petitioner is incapable of presenting his claims. Also, there has been no change in the case since the Court denied Petitioner's first request for appointment of

1    counsel last month that would warrant a different finding now.  Petitioner claims lack of

2    knowledge of the law.  However, that is not an exceptional circumstance that warrants

3    appointment of counsel.  Further, as previously noted, based on the face of the Petition, it

4    appears that Petitioner has a good grasp of this case and the legal issues involved, and at

5    this point, it appears the Court will be able to properly resolve the issues involved on the

6    basis of the state court record.  Therefore, the Court finds that the interests of justice do not

7    require the appointment of counsel at this time.

8    　　　Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED** without

9    prejudice.

10   　　　IT IS SO ORDERED.

11   Dated:  December 12, 2016

12   　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　LOUISA S PORTER

13   　　　　　　　　　　　　　　　　United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16-cv-02133-WQH (DHB)